Angela Williams
P O BOX 8
Berryville, AR 72616
870-919-6768
AW-check66@proton.me.com
*Plaintiff in proper person*

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

OCT 01 2026

Mistee Aaron
By Deputy Clerk

**UNITED STATES DISTRICT COURT**

**WESTERM DISTRICT OF ARKANSAS**

**ANGELA WILLIAMS,**

**Plaintiff(s),**

**-vs-**

**MRS BPO, LLC, /DBA/ MRS ASSOCIATES**

**Defendant(s).**

**CASE NO.** 3:26cv3052-DCF

**PLAINTIFFS VERIFIED COMPLAINT**

**PLAINTIFFS VERIFIED COMPLAINT**

COMES NOW Plaintiff, Angela Williams, in proper person, hereby sues Defendant, Credit Control Services, Inc. DBA as Credit Collection Services, Inc. for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA"), violations of the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq., and Plaintiff claims as follows;

## I. INTRODUCTION

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA"), and the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq.
2. This action involves an alleged "non-existent debt," as the action involves an alleged obligation of a consumer to pay money arising out of a consumer credit transaction in which

services is the subject of the transaction was primarily for personal, family, and/or household purposes §1692a(5).

3. Defendant, MRS started a campaign of abusive, false, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Berryville, Arkansas, County of Carroll.
4. Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff and invading her private peace in attempts to collect a nonexistent debt from Plaintiff, by repeatedly sending her text messages by the use of ATDS capable equipment during her working hours.
5. Plaintiff contends that the Collection Agency Defendant has violated such laws by repeatedly harassing Plaintiff in their attempts to collect a non-existent consumer debt, which did not arise out of the transaction that created the alleged non-existent debt. As a result of these and other violations of federal law, Plaintiff seeks to recover actual and statutory damages together with costs and reasonable attorney's fees if applicable.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.
7. This court has jurisdiction because Plaintiff resides here, the acts complained of herein occurred here, and Defendant is licensed to conducts business here in Arkansas.
8. This court has subject matter jurisdiction because the Defendants violated the FDCPA §1692 *et seq.*, the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq. in Carroll County, Arkansas and the defendants unlawful acts in this County gave rise to the causes of this action.
9. This court has personal jurisdiction over Defendant because MRS is licensed to conduct business in the State of Arkansas.
10. Venue is proper in this District pursuant to 28 U.S.C. §1391b, in that the Plaintiff resides here, and the Defendant is licensed to transact business here, and the acts complained of occurred here.
11. Venue is proper in the Western District of Arkansas.
12. The conditions precedent to the filing of this action have been performed, waived or excused.

## III. PARTIES

13. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
14. Plaintiff, Angela Williams, is a consumer and natural person and is a resident of Carroll County, State of Arkansas.
15. Plaintiff is a consumer as defined under the FDCPA at 15 U.S.C. §1692a(3), and a person with standing to bring this case under the FDCPA, the AFDCPA and the TCPA, because Plaintiff has been directly affected by the violations of the Acts of Defendant.
16. Defendant, MRS BPO, LLC (hereinafter "MRS") is a debt collecting corporation with a business corporate address located at; **402 Lippincott Drive, Marlton, NJ 08053**.

17. MRS' can be served at their Registered Agent, **Cogency Global Inc. in multiple jurisdictions.**
18. Defendant MRS is a "debt collector" as defined by 15 U.S.C. §1692a(6), who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of voluntarily sending text messages to consumers by use of ATDS capable equipment, without the consumer's written instruction or consent, as a means to instill fear, discouragement and coerce payment of a debt.
19. Any violations by Defendant set forth in this verified complaint are knowingly, voluntary and intentional, as a means to benefit their principal at the expense of Plaintiff, and Defendant did not maintain procedures reasonably adapted to avoid such violations.
20. Discovery of the TCPA violations occurred within the statute of limitations as defined in the Telephone Consumer Protection Act, TCPA 47 U.S.C. §227 *et seq.* and are within the statute of limitations as defined by 28 U.S.C. §1658(a).
21. Discovery of the FDCPA violations occurred within the statute of limitations as defined by 15 U.S.C. §1692k(d).

## II. LEAVE TO AMEND COMPLAINT

22. Plaintiff reserves her right to amend her Complaint, to re-state a claim with a more definite statement. Plaintiff is informed and believes and therefore alleges that she may have suffered damages in other ways and to other extents not presently known to her, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial and to add additional Defendants not presently known to her.

## IV CHRONOLOGICAL STATEMENT OF FACTS

23. Plaintiff incorporates all preceding paragraphs as fully stated herein.
24. Plaintiff is a consumer as defined under the FDCPA at **15 U.S.C. §1692a(3),** and a person with standing to bring this case under the FDCPA, and the TCPA, because Plaintiff has been directly affected by the violations of the Acts of Defendant.
25. Discovery of Defendants violations of the **FDCPA §1692 et seq.** brought forth herein occurred within the statute of limitations as defined by **15 U.S.C. §1692k(d).**
26. Discovery of the **TCPA** violations occurred within the statute of limitations as defined in the Telephone Consumer Protection Act, **TCPA 47 U.S.C. §227 *et seq.*** and are within the statute of limitations as defined by **28 U.S.C. §1658(a).**
27. Plaintiff's cell phone number has been on the **National DNC Registry** since 2004.

28. Long prior to the initiation of the text message harassment detailed herein, Plaintiff permanently, unequivocally, and completely revoked any and all prior express consent to be contacted via automated telecommunication systems on her cellular telephone.

29. On **September 30, 2023**, Plaintiff sent a formal, written **Notice of Revocation of Consent** via U.S. Certified Mail to the original creditor, Affirm Inc., explicitly revoking all consent to be contacted via telephone, automated text message, or electronic mail regarding Account #G71.

30. Plaintiff's written notice explicitly declared that this revocation of consent applied downstream to all subsequent third-party debt buyers, assignees, and collection agencies.

31. On **August 12, 2025**, Defendant MRS BPO, LLC initiated a text-blitzing collection campaign targeting Plaintiff's cellular telephone number, transmitting the first of a series of unauthorized automated text messages.

32. Between **August 12, 2025**, and **March 17, 2026**, Defendant transmitted a total of **twenty-one (21) text messages** to Plaintiff's cellular telephone attempting to collect the defaulted debt.

33. Every single one of the twenty-one (21) text messages was transmitted via an Automatic Telephone Dialing System (ATDS) without prior express consent, as consent had been completely revoked at the source [INDEX].

34. Defendant failed to send a written validation notice containing mandatory statutory disclosures to Plaintiff's physical address within five (5) days of the initial text communication, in direct violation of **15 U.S.C. § 1692g(a)** [INDEX].

35. On **March 23, 2026**, Plaintiff sent a formal Notice of Dispute via Certified Mail to Defendant, which Defendant physically received on **March 30, 2026, at 11:09 AM** [INDEX].

36. On **August 20, 2026**, and **September 14, 2026**, Plaintiff served formal Notices of Intent to Sue upon Defendant, which arrived at Defendant's destination regional facility on **September 17, 2026, at 1:48 PM**. Defendant has refused to cure its violations.

37.

38. The USPS Certified Mail green card tracking receipt demonstrates that Affirm Inc. successfully received Plaintiff's formal Revocation of Consent in October of **2023**, creating an absolute, permanent electronic and physical paper trail of delivery. **(see Exhibit A , attached hereto)**

39. Because Defendant **MRS BPO, LLC** was hired, retained, or assigned by Affirm Inc. to collect upon the exact same alleged consumer profile, all legal knowledge of Plaintiff's 2023 Revocation of Consent is **fully imputed onto Defendant MRS BPO, LLC as a matter of law** under established agency principles.

40. Despite having near two (2) years of continuous, imputed knowledge of Plaintiff's explicit revocation of consent, Defendant MRS BPO, LLC completely failed to screen, scrub, or remove Plaintiff's cellular telephone number from its active outbound broadcasting systems.

41. Instead, beginning on **August 12, 2025**, and relentlessly compounding through **March 17, 2026**, Defendant MRS BPO, LLC bypassed Plaintiff's revocation and launched a systematic, machine-driven barrage of twenty-one (21) unauthorized text messages to Plaintiff's cellular phone, causing severe nuisance, data disruption, and continuous harassment. **(See Exhibit B, MRS Text list)**

42. This case involves a presumed and assumed consumer debt, where no debt or default exists and the alleged consumer debt Defendant is attempting to collect from Plaintiff did not arise out of a transaction that created the alleged debt, as this case involves an alleged obligation of a consumer to pay money arising out of a **consumer credit transaction** of which the services that is the subject of the transaction was primarily for personal, family, and/or household purposes as defined by the **FDCPA §1692a(5),** and Defendant MRS is not a creditor, does not extend credit or provide services that benefit consumers.

43. Defendants MRS is a "debt collector" as defined by **15 U.S.C. §1692a(6),** who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of voluntarily placing calls or text messages to consumer's cellular phones in an attempt to collect alleged debts, as a means to instill fear and coerce payment of a non-existent debt.

44. At all times relevant, Defendant MRS BPO, LLC acted as a "collection agency" as explicitly defined under **Ark. Code Ann. § 17-24-101**, and was legally bound to comply with the fair debt practices mandated by the state of Arkansas.

45. Defendant violated the **Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq.**, by engaging in deceptive, misleading, and harassing collection behavior. Specifically, Defendant violated: **Ark. Code Ann. § 17-24-505:** By repeatedly and continuously engaging in automated text transmissions designed to annoy, abuse, and harass a Plaintiff on her cellular telephone.

46. Defendant violated **Ark. Code Ann. § 17-24-506:** By utilizing false, deceptive, and misleading representations in an attempt to collect an unverified, disputed balance after explicit revocation of consent.

47. Plaintiff further alleges that Defendant's conduct constitutes a separate and independent violation of the **Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-107**. By deploying an unscrubbed automated text-platform to continuously broadcast collection duns across multiple months, Defendant engaged in unconscionable, false, and deceptive business practices in open violation of Arkansas consumer protection laws.

48. As a direct and proximate result of Defendant's state law violations, Plaintiff has suffered concrete statutory damages, severe invasion of privacy, emotional distress, and disruptions to her employment and daily life.

49. Plaintiff meets Article III of the United States Constitution as she has suffered an injury in fact, as each unauthorized text message occurred during Plaintiffs work hours. Resulting in an "invasions of privacy, intrusion upon seclusion, and nuisance, which have long been heard by American courts."Therefore, Plaintiff injury satisfies the concreteness requirement for constitutional standing.

50. MRS sent 21 text unauthorized messages to Plaintiffs private cellular phone number from the following phone numbers, **833-547-0543, 832-299-2326, 856-463-1034, and 888-200-9272,** which are the telephone numbers used by MRS in their debt collection business. Each

text message was willful, voluntary, separate and a distinct violation of the **TCPA 47 U.S.C. §227 *et seq*.(See attached Text list, EXHIBIT A)**

51. The text messages MRS sent to Plaintiff's cellular phone were not for an emergency purpose and were made without the written, express or implied consent of Plaintiff.

52. Plaintiff has no established business relationship with MRS in any capacity and the TCPA statute, being a penal statute prohibits sending text messages using an automatic telephone dialing system (ATDS) capable equipment to a cellular phone without the prior consent of the called or receiving party.

53. On or about March 23, 2026 Plaintiff sent MRS a Notice of Dispute and request for validation of debt, via certified mail, which MRS received on **March 30, 2026** Plaintiff received no response to her dispute notice from MRS, only silence. **(See attached written communications, EXHIBIT B)**

54. On or about **September 14, 2026** Plaintiff sent MRS a Notice of Intent To Sue via certified mail giving MRS the opportunity to mitigate and resolve the unauthorized multiple text messages, which arrived at USPS Facility at the South Jersey Distribution Center, and Plaintiff has not received a response to date. **(See attached communication, EXHIBIT C)**

55. On or about **August 20, 2026** Plaintiff sent MRS a follow up Notice of Intent To Sue, as a good faith attempt to mitigate and resolve the dispute prior to filing this complaint, via certified mail, which arrived at USPS Facility at the South Jersey Distribution Center on **August 22, 2026** according to US postal service. However, to date, MRS has failed to respond, leaving Plaintiff no choice but to file suit and involve the Court for resolution of this serious matter, **(See EXHIBIT D, Plaintiffs Final Notice of Intent to Sue MRS, and Attached Revocation of Consent to Original Creditor, Affirm, Inc.)**

56. Upon information and belief the text messages MRS placed to Plaintiff's cell phone were made by ATDS capable equipment, which repeatedly invaded her privacy, and this intrusion violated her civil rights, federal law and caused Plaintiff humiliation and financial loss.

57. Defendant MRS has demonstrated willful and knowing non-compliance with **47 U.S.C. §227(b)(1)(A)** as Plaintiff received approximately thirteen **(13)** text messages from MRS using ATDS capable equipment and each text message, without her written consent, and each text message is a separate and distinct violation of the **TCPA 47 U.S.C. §227 *et seq*.**

58. Defendant MRS failed in its duties and legal obligations to comply with the TCPA and utilized different phone numbers to send multiple text message to Plaintiff which has caused her humiliation, oppression, and discouragement, because of the multiple annoying text messages. Defendant MRS actually acted voluntarily and with reckless disregard for Plaintiff's right to privacy and peace, and MRS deliberately and willfully sent multiple text messages over the course of one **(1)** year, in an attempt to collect an alleged debt.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONS ACT 47 U.S.C. §§ 227 et seq. AND THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC §1692et seq.**

59. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
60. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
61. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).
62. Defendant MRS' TCPA violations are within the statute of limitations as defined by 28 U.S.C. §1658(a).
63. Defendant MRS BPO, LLC willfully and knowingly transmitted a total of twenty-one (21) text messages to Plaintiff's cellular telephone number attempting to collect a consumer debt after consent had been explicitly revoked at the source, Affirm Inc..

64. As a direct result of Defendant's repeated, unconsented automated text transmissions, Plaintiff suffered an invasion of privacy, concrete harassment, and an unauthorized intrusion upon her cellular phone.
65. Defendant's unauthorized text messages proximately caused Plaintiff a concrete, non-monetary injury, including the intermediate invasion of her seclusion, peace of mind, and the right to be left alone in her private affairs.
66. Each of the 21 unauthorized text transmissions disrupted Plaintiff's daily activities, occupied the electronic storage capacity of her cellular phone, depleted her phone's battery life, and wasted Plaintiff's time as she was forced to read, review, evaluate, and mitigate the unsolicited communications.
67. Defendant's ongoing, unconsented transmissions triggered audible and tactile alerts on Plaintiff's device, demanding her immediate attention during personal and professional hours, thereby constituting an offensive and highly objectionable nuisance.
68. Plaintiff **revoked any prior express consent** to be contacted by cellular phone, text message, or other electronic means directly with the original creditor, **Affirm Inc.**, via certified mail on **September 30, 2023**.
69. Upon receipt of Plaintiff's written revocation, **Affirm Inc.** was under a strict operational and statutory duty to update its internal records and to **communicate the absolute revocation of consent** to any downstream third-party debt collectors, repossession agents, or assignees, including Defendant **MRS BPO, LLC**.
70. To the extent that **Affirm Inc.** failed or neglected to share, update, or transmit Plaintiff's revocation of consent to Defendant, such failure does not absolve Defendant of statutory liability under the **TCPA** or **FDCPA**.
71. Defendant's transmission of **21 text messages** after consent was unequivocally revoked constitutes a **willful and knowing violation** of the **TCPA**, as Defendant operated with a reckless disregard for consumer privacy by utilizing automated dialing systems without verifying the active consent status of the recipient.
72. Furthermore, Defendant's failure to respond to Plaintiff's certified dispute, coupled with its

73. active evasion of Plaintiff's certified **Notices of Intent to Sue** (which remain unclaimed at Defendant's location), demonstrates a **willful, bad-faith pattern of conduct** designed to evade statutory compliance and continue unlawful collection activities.

74. Because Defendant operated an unregistered broadcasting device and acted with full knowledge that consent had been revoked downstream, Plaintiff is entitled to treble statutory damages in the maximum amount of **$1,500.00 per text message**, for a total of **$31,500.00** pursuant to **47 U.S.C. § 227(b)(3)** .

COUNT II

VIOLATIONS OF **THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC §1692et seq.**

75. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

76. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

77. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

78. Defendant's violations include but are not limited to the following;The Fair Debt Collection Practices Act **15 USC. §1692,** is intended to be a safeguard to Affiant as a consumer and Plaintiff's rights have been violated by Defendant MRS.

79. Defendant MRS has failed to comply with the requirements of the Fair Debt Collection Practices Act, **15 U.S.Code § 1692** et seq. causing injury, damages, mental anguish, and financial losses, negatively affecting Plaintiff.

80. Defendant MRS failed to comply with **15 U.S.Code § 1692c (a)** which specifically states, Communication with the consumer generally, Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt. And Defendant chose to communicate with Plaintiff via multiple text messages by use of ADTS telephone equipment without Plaintiffs concent.

81. Defendant violated **§15 USC 1692d,** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, by repeatedly sending multiple text messages to Plaintiff's cellular phone over the course of one year, in an attempt to collect a debt.

82. Defendant's text message transmissions constituted an initial "communication" in connection with the collection of a debt under **15 U.S.C. § 1692a(2).**

83. Defendant failed to send Plaintiff a written validation notice containing the mandatory statutory disclosures within five (5) days of that initial communication, in direct violation of **15 U.S.C. § 1692g(a)** [INDEX].

84. Defendant further violated **15 U.S.C. § 1692g(b)** by failing to provide a verified chain of title or an itemized accounting ledger after physically receiving Plaintiff's timely written dispute on March 30, 2026..

85. Defendant violated **§1692e (10)** by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about the consumer Plaintiff, causing Plaintiff undue stress and humiliation.

86. Defendant violated **§1692f** by using unfair or unconscionable means to collect or attempt to collect the alleged debt, and Defendant used unconscionable means to collect an alleged debt, by willfully sending her multiple text messages to instill fear in Plaintiff and coerce payment of a debt.

87. Defendant violated **§1692 g(a)(3)** by failing to send Plaintiff an initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; Defendant's was negligent and failed to send Plaintiff the required written notice, that Plaintiff had a right to dispute the debt within 30 days of receipt of said notice, and to date, Plaintiff has not received the same.

88. Pursuant to **15 USC §1692k – Civil liability (a) AMOUNT OF DAMAGES** - Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of, **(1)** any actual damage sustained by such person as a result of such failure.

89. MRS' violations of the TCPA were negligent, willful, knowing, and non-compliant with **47 U.S.C. §227(b)(1)(A)** by using ATDS capable equipment to repeatedly send multiple text messages to Plaintiffs cell phone number, **(870-919-6768)** which is used strictly for work, private associates, and emergency purposes only, and is assigned to a cellular telephone service.

90. From **August 12, 2025** through **March 17, 2026 MRS** violated **15 USC §1692d (5)** which specifically states, a debt collector may not Cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Therefore, MRS did in fact violate 15 USC **§1692 d(5)** of the FDCPA, by causing Plaintiff to respond to a buzzing sound each time a text message is received on plaintiffs cell phone, and Plaintiff having to read multiple unwanted text messages from MRS, which were in fact, intentional to annoy, harass and abuse the Plaintiff to the point of humiliation, frustration, oppression, and financial loss. **(See EXHIBIT A, Text list attached hereto)**

91. Each unauthorized text message placed by MRS is a separate and distinct violation of the **TCPA 47 U.S.C. §227 *et seq*.** With respect to the activities of MRS, Plaintiff had a subjective expectation of privacy and peaceful rest that was objectively reasonable under the circumstances and the consequences of MRS' conduct did in fact harass, oppress and abuse Plaintiff to the point of frustration and financial loss.

92. Defendant MRS' aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.

93. Pursuant to **15 USC §1692k – Civil liability (a) AMOUNT OF DAMAGES** - Except as otherwise provided by this section, any debt collector who fails to comply with any provision

of this subchapter with respect to any person is liable to such person in an amount equal to the sum of - **(1)** any actual damage sustained by such person as a result of such failure.

**WHEREFORE,** Plaintiff demands compensation from Defendant for its violations and abusive debt collection actions stated herein, in the amount of $1,000 per violation of the FDCPA, pursuant to **15 USC §1692k,** plus actual damages sustained by plaintiff as a result of Defendant's illegal and unlawful actions. Plaintiff prays for judgment against Defendant, for actual and statutory damages for Defendants violations of the **FDCPA,** treble damages for Defendants violations of the **TCPA,** any punitive damages, costs incurred and any attorney's fees if applicable.

**COUNT II**
**(COMMON LAW INVASION OF PRIVACY BY INTRUSION)**

94. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
95. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.
96. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages to be determined by this honorable court.

**WHEREFORE,** Plaintiff respectfully requests this court that judgment be entered against Defendant, on all counts complained of herein, to the fullest extent of the law.

**PRAYER FOR RELIEF**

97. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
98. Each call placed by MRS is a separate and distinct violation of the TCPA 47 U.S.C. §227 *et seq.*,
99. Plaintiff respectfully prays that this court will enter judgment as follows;

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000, for each violation of 15 USC 1692 et seq. against Defendant for its violations of the FDCPA,
2. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first text message and $1500 for each additional text message thereafter made to her private emergency cell phone as negligent, knowing and willful violations of the TCPA;
3. Awarding Plaintiff costs and fees incurred in the filing of this action;

4. Award such further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted: Dated this ______ day of September, 2026

By, ______________________

Angela Williams
P O BOX 8
Berryville, AR 72616
890-919-6768
AW-check66@proton.me
*Plaintiff in proper person*

**VERIFICATION**

The undersigned is over the age of 18 and competent to certify that the above statements are true, correct, complete and not misleading, to the best of her knowledge, except those statements that are based upon information and belief. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted: Dated this ______ day of September, 2026

By, ______________________

Angela Williams
P O BOX 8
Berryville, AR 72616
870-919-6768
AW-check66@proton.me
*Plaintiff in proper person*

S FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE. **Retail**

**P**

US POSTAGE PAID

**$12.90**

Origin: 72616
09/26/26
0407920216-02

**PRIORITY MAIL®**

0 Lb 6.20 Oz

RDC 03

EXPECTED DELIVERY DAY: 09/30/26

C005

1137

SHIP TO:

STE 510
35 E MOUNTAIN ST
FAYETTEVILLE AR 72701-5353

USPS TRACKING® #

9505 5102 6503 6269 8520 14

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

FROM:

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Angela Williams
P O BOX 8
Berryville, AR 72616

Received WD/AR

OCT 01 2026

TO: U.S. Clerk's Office [redacted]

US District Court
District of Arkansas
35 East Mountain St.,# 510
Fayetteville, AR 72701

UNITED STATES POSTAL SERVICE

…d delivery date spec
…ic shipments include
…racking® service incl…
…international insuran…
…sed internationally, a
…loes not cover certain item…
…ail Manual at http://pe.usp…
…ational Mail Manual at http…

…T RATE EN…
…E ■ ANY WEIGHT

…CKED ■ INS…

…500001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH how2recycle.info

Label 228, December 2023 FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.