**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **ANGELA WILLIAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MRS BPO, LLC D/B/A MRS ASSOCIATES**<br><br>**Defendant.** | **CIVIL ACTION**<br><br>**NO. 3:26-cv-03052-DCF** |

**BRIEF IN SUPPORT OF DEFENDANT MRS BPO, LLC'S MOTION TO QUASH PLAINTIFF'S ATTEMPTED SERVICE OF PROCESS OF PLAINTIFF'S COMPLAINT**

Defendant MRS BPO, LLC, incorrectly named as MRS BPO, LLC d/b/a MRS Associates ("MRS" or "Defendant") by and through its undersigned counsel, hereby submits this Brief in Support of its Motion to Quash Attempted Service of Process of Plaintiff Angela Williams' ("Plaintiff") Complaint. (Docs. 2 and 6).

## I. Introduction

This Court should quash Plaintiff's attempt to serve MRS with the Complaint because Plaintiff has not effectuated proper service on MRS. On October 26, 2026, Plaintiff filed a Return of Service indicating that she served MRS by having a process server provide a copy of the Complaint and Summons to Corporation Service Company ("CSC"). (Doc. 6.) CSC, however, is not MRS's registered agent.[1] (Exhibit A at ¶ 9.) MRS's registered agent in the State of Arkansas is Cogency Global Inc. ("Cogency"). (Exhibit A at ¶ 8.) To date, neither MRS nor Cogency has been served with a copy of the Complaint and Summons in this case. (Exhibit A at ¶ 11.) MRS has not been served with the Complaint in this case via any other method permitted by the Federal Rules of Civil Procedure. (Exhibit A at ¶¶ 11-17.) As a result, MRS has not been properly served,

[1] *See* Declaration of William Michael Perkins attached as Exhibit A.

Plaintiff's attempted service should be quashed, and Plaintiff should be ordered to effect proper service on MRS.

## II. Factual and Procedural Background

On October 1, 2026, Plaintiff filed the Complaint against MRS alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.,* the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* and the Arkansas Fair Debt Collection Practices Act ("ARFDCPA"), Ark. Code Ann. § 17-24-501, *et seq.,* and a common law claim for invasion of privacy. (Doc. 2.) On October 1, 2026, a Summons was issued as to MRS. (Doc. 3.) MRS's registered agent in the State of Arkansas is Cogency. (Exhibit A at ¶ 8.) Plaintiff states in the Complaint that "MRS can be served at their Registered Agent, **Cogency Global Inc. in multiple jurisdictions.**" (Doc. 2 at ¶ 17) (emphasis in original).

On October 26, 2026, Plaintiff filed a Proof of Service, indicating that Plaintiff served MRS on October 21, 2026. (Doc. 6 at p. 2.) According to the Proof of Service, Plaintiff retained Leverage Private Investigations ("LPI") to complete service, and process server, Julia Brown, served the Complaint and Summons on Jeff Johnson, identified as an "intake specialist" with CSC. (Doc. 6 at pp. 2-3). The Proof of Service states that "Cogency Global Inc." is the "Registered Agent of Record." (Doc. 6 at p. 2). However, the Proof of Service also states that MRS was served at "Corporation Service Company (CSC)." (Doc. 6 at p. 2).

CSC is not a registered agent for MRS. (Exhibit A at ¶¶ 8-9.) CSC is not authorized to accept service of process on behalf of MRS anywhere in the United States. (Exhibit A at ¶¶ 8-9.) Jeff Johnson is not a registered agent, officer, manager, member, secretary, assistant, managing agent, general agent, or other agent authorized to accept service on behalf of MRS. (Exhibit A at ¶ 10.)

To date, MRS has not received any notice of this lawsuit from Cogency. (Exhibit A at ¶ 11.) MRS has not received a copy of the Complaint and/or Summons from Cogency. (Exhibit A at ¶ 11.) Upon information and belief, Cogency and/or its secretary or assistant have not received or otherwise been served with a copy of the Complaint and/or Summons. (Exhibit A at ¶ 11.) Indeed, no officer, officer's secretary or assistant, manager, manager's secretary or assistant, managing or general agent, managing or general agent's secretary or assistant, member, member's secretary or assistant, or other agent authorized by appointment or by law to accept service on behalf of MRS have received or otherwise been served with a copy of the Complaint and/or Summons. (Exhibit A at ¶ 12.) Further, MRS has not received a copy of the Complaint and/or Summons via certified mail, return receipt requested, first-class mail, email or via commercial delivery company. (Exhibit A at ¶¶ 13-16.) MRS also has not refused service of process. (Exhibit A at ¶ 17.) Rather, MRS learned of this lawsuit via a routine docket search on or about October 22, 2026. (Exhibit A at ¶ 18.)

## III. Argument

Courts cannot exercise personal jurisdiction over a party that has not been properly served. *See e.g., Dodco, Inc v. Am. Bonding Co.,* 7 F.3d 1387, 1388 (8th Cir. 1993) ("If a defendant is improperly served, the court lacks jurisdiction over the defendant" (citing *Cohen v. Newsweek, Inc.,* 312 F.2d 76, 77-78 (8th Cir. 1963))). When service of process is contested by the defendant, the plaintiff has the burden to prove proper service. *Woolbright v. Tankinetics, Inc.,* No. 3:12-CV-03123*,* 2013 U.S. Dist. LEXIS 137486, at *8 (W.D. Ark. Sept. 25, 2013).

The Federal Rules of Civil Procedure require that service on a limited liability company be "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ." Fed. R. Civ. P. 4(h)(1)(A)-(B); *see also Heritage Home for Funerals, Inc. v. Heritage Cremation Provider, LLC,* No. 4:17-CV-04086-KES, 2019 U.S. Dist. LEXIS 74850, *5 (D.S.D. Apr. 22, 2019) (applying Fed. R. Civ. P. 4(h)(1)(B) to limited liability companies). Federal Rule of Civil Procedure 4(e)(1) allows service pursuant to state law "where the district court is located or where service is made," which in this case is Arkansas. Under the Arkansas Rules of Civil Procedure, service on a limited liability company, like MRS:

> shall be on its registered agent for service of process, or the agent's secretary or assistant; a manager of a limited liability company in which management is vested in managers rather than members, or the manager's secretary or assistant; a member of a limited liability company in which management is vested in the members or in which management is vested in managers and there are no managers, or that member's secretary or assistant; a managing or general agent of the limited liability company, or the agent's secretary or assistant; any agent authorized by appointment or by law to receive service of process; or as provided by an applicable statute.

Ark. R. Civ. P. 4(f)(6). Additionally, under the Arkansas Uniform Limited Liability Company Act, limited liability companies may be served by serving their registered agent, and if the company does not have a registered agent or the registered agent cannot be served, the company may be served "by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the company or foreign company at its principal office." Ark. Code Ann. § 4-38-119.

In this case, Plaintiff did not effectuate service of process on MRS. Plaintiff attempted to serve Defendant via CSC, which is not Defendant's registered agent. (Doc. 6; Exhibit A at ¶¶ 8-9.) Plaintiff did not serve MRS through its registered agent, Cogency, nor did Plaintiff serve MRS via any of the other methods provided by the Federal Rules or Arkansas law. (Exhibit A at ¶¶ 8-16.)

Plaintiff may argue that Plaintiff properly served MRS because the address for CSC and Cogency are the same, 300 S. Spring Street, Suite 900, Little Rock, AR 72201. (Exhibit A at ¶ 8; Doc. 6 at p. 2) This argument is unavailing because Plaintiff must still serve the correct, named registered agent, regardless of address or representations made by the individual accepting service. *See e.g., Bell v. Pulmosan Safety Equip. Corp*., 906 F.3d 711, 712 (8th Cir. 2018) (holding service was not effected where the summons was delivered to a building receptionist, not employed by the defendant or otherwise an agent of defendant); *Green v. Yarbrough,* 299 Ark. 175, 176-77 (1989) (holding service was improper where signer told mail carrier that she had authority to receive mail but signer was not agent of party to be served); *Shumway v. Gurnee Prop. Mgmt.,* No. 20-cv-7181, 2022 U.S. Dist. LEXIS 74671, *6 (N.D. Ill. Apr. 25, 2022) ("a plaintiff seeking to serve a corporation's registered agent must deliver process to the registered agent, not just any person who may be present at the registered agent's address.").

Moreover, the fact that MRS learned of the lawsuit through a routine docket search does not absolve Plaintiff of the requirement to effect service on MRS. "'[S]tatutory service requirements . . . must be strictly construed and compliance with them must be exact . . . [A]ctual knowledge of a proceeding does not validate defective process.'" *Price v. Hewlett Packard Co.,* No. 4:08-CV-00008 BSM, 2008 U.S. Dist. LEXIS 132201, *3-4 (E.D. Ark. Sept. 5, 2008) (internal citations omitted) (quoting *Raymond v. Raymond,* 343 Ark. 480, 484-85 (2001)); *see also e.g., Rixner v. White,* 417 F. Supp. 995, 997 (D.N.D. 1976) ("Although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction." (citing *Wuchter v. Pizzutti*, 276 U.S. 13 (1928))).

To date, Plaintiff has not effected proper service on MRS. Accordingly, this Court should quash Plaintiff's attempted service and require Plaintiff to properly serve Defendant in accordance with the Federal Rules of Civil Procedure.

## IV. Conclusion

For all of the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Quash Plaintiff's Attempted Service of Process of Plaintiff's Complaint.

Respectfully submitted:

**BALCH & BINGHAM, LLP**

By: /s/ *Jason B. Tompkins*
Jason B. Tompkins
1901 Sixth Avenue, North, Suite 1500
Birmingham, AL 35203
T: 205.251.8100; F: 205.226.8799
jtompkins@balch.com

Dated: November 12, 2026

## CERTIFICATE OF SERVICE

I, Jason B. Tompkins, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Angela Williams
PO Box 8
Berryville, AR 72616
AW-check66@proton.me.com
Plaintiff

*/s/ Jason B. Tompkins*
Jason B. Tompkins

Dated: November 12, 2026