Angela Williams
P O BOX 8
Berryville, AR 72616
870-919-6768
AW-check66@proton.me.com
*Plaintiff in proper person*

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

NOV 16 2026

Mistee Aaron
By________________
Deputy Clerk

**UNITED STATES DISTRICT COURT**

**WESTERM DISTRICT OF ARKANSAS**

| | |
|---|---|
| **ANGELA WILLIAMS,**<br>**Plaintiff(s),**<br>**-vs-**<br>**MRS BPO, LLC,**<br>**Defendant(s).** | **CASE NO. 3:26-cv-03052-DCF**<br><br>**PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT** |

**PLAINTIFFS FIRST AMENDED VERIFIED COMPLAINT**

COMES NOW Plaintiff, Angela Williams, in proper person, hereby Plaintiff **Angela Williams** ("Plaintiff"), proceeding *pro se*, hereby files this **First Amended Complaint** as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) against Defendant **MRS BPO, LLC** ("MRS" or "Defendant"), and in support thereof states as follows:

1. Plaintiff brings this action against Defendant MRS BPO, LLC for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Arkansas Fair Debt Collection Practices Act ("ARFDCPA"), Ark. Code Ann. § 17-24-501 *et seq.*, and common law invasion of privacy.

2. Plaintiff files this First Amended Complaint prior to any responsive pleading being served by Defendant, solely to reflect Defendant's exact corporate legal name (**MRS BPO, LLC**) and to clarify service details.

## I. INTRODUCTION

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227(b)(1)(A)(iii), and for damages for violations of the Fair Debt Collection

Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA"), and the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq.

2. This action involves an alleged "non-existent consumer debt, defined under 15 USC §1692a(5) as an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."
3. Defendant, MRS started a campaign of abusive, false, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Berryville, Arkansas, County of Carroll.
4. Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff and invading her private peace in attempts to collect a nonexistent debt from Plaintiff, by repeatedly sending her text messages by the use of ATDS capable equipment during her working hours.
5. Plaintiff contends that the Collection Agency Defendant has violated such laws by repeatedly harassing Plaintiff in their attempts to collect a non-existent consumer debt, which did not arise out of the transaction that created the alleged non-existent debt. As a result of these and other violations of federal law, Plaintiff seeks to recover actual and statutory damages together with costs and reasonable attorney's fees if applicable.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.
7. This court has jurisdiction because Plaintiff resides here, the acts complained of herein occurred here, and Defendant is licensed to conduct business here in Arkansas.
8. This court has subject matter jurisdiction because the Defendant violated the FDCPA §1692 *et seq.,* the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq. in Carroll County, Arkansas and the defendants unlawful acts in this County gave rise to the causes of this action.
9. This court has personal jurisdiction over Defendant because MRS is licensed to conduct business in the State of Arkansas.
10. Venue is proper in this District pursuant to 28 U.S.C. §1391b, in that the Plaintiff resides here, and the Defendant is licensed to transact business here, and the acts complained of occurred here.
11. Venue is proper in the Western District of Arkansas.
12. The conditions precedent to the filing of this action have been performed, waived or excused.

## III. PARTIES

13. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
14. Plaintiff, Angela Williams, is a consumer and natural person and is a resident of Carroll County, State of Arkansas.
15. Plaintiff is a consumer as defined under the FDCPA at 15 U.S.C. §1692a(3), and a person

with standing to bring this case under the FDCPA, the AFDCPA and the TCPA, because Plaintiff has been directly affected by the violations of the Acts of Defendant.

16. Defendant, MRS BPO, LLC (hereinafter "MRS") is a debt collecting corporation with a business corporate address located at **402 Lippincott Drive, Marlton, NJ 08053**.

17. MRS can be served at their Registered Agent, **Cogency Global Inc.** at 300 S. Spring Street, Suite 900, Little Rock, AR 72201."

18. Defendant MRS is a "debt collector" as defined by 15 U.S.C. §1692a(6), who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of voluntarily sending text messages to consumers by use of ATDS capable equipment, without the consumer's written instruction or consent, as a means to instill fear, discouragement and coerce payment of a debt.

19. Any violations by Defendant set forth in this verified complaint are knowingly, voluntary and intentional, as a means to benefit their principal at the expense of Plaintiff, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

20. Discovery of the TCPA violations occurred within the statute of limitations as defined in the Telephone Consumer Protection Act, TCPA 47 U.S.C. §227 *et seq.* and are within the statute of limitations as defined by 28 U.S.C. §1658(a).

21. Discovery of the FDCPA violations occurred within the statute of limitations as defined by 15 U.S.C. §1692k(d).

## IV. LEAVE TO AMEND COMPLAINT

22. Plaintiff reserves her right to amend her Complaint, to re-state a claim with a more definite statement. Plaintiff is informed and believes and therefore alleges that she may have suffered damages in other ways and to other extents not presently known to her, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial and to add additional Defendants not presently known to her.

## V CHRONOLOGICAL STATEMENT OF FACTS

23. Plaintiff incorporates all preceding paragraphs as fully stated herein.

24. Plaintiff is a consumer as defined under the FDCPA at **15 U.S.C. §1692a(3),** and a person with standing to bring this case under the FDCPA, and the TCPA, because Plaintiff has been directly affected by the violations of the Acts of Defendant.

25. Discovery of Defendant's violations of the **FDCPA §1692 et seq.** brought forth herein occurred within the statute of limitations as defined by **15 U.S.C. §1692k(d).**

26. Discovery of the **TCPA** violations occurred within the statute of limitations as defined in the Telephone Consumer Protection Act, **TCPA 47 U.S.C. §227 *et seq.*** and are within the statute of limitations as defined by **28 U.S.C. §1658(a).**

27. Plaintiff's cell phone number has been on the **National DNC Registry** since 2004.
28. Long prior to the initiation of the text message harassment detailed herein, Plaintiff permanently, unequivocally, and completely revoked any and all prior express consent to be contacted via automated telecommunication systems on her cellular telephone.
29. On **September 30, 2023**, Plaintiff sent a formal, written **Notice of Revocation of Consent** via U.S. Certified Mail to the original creditor, Affirm Inc., explicitly revoking all consent to be contacted via telephone, automated text message, or electronic mail regarding Account #G71.
30. Plaintiff's written notice explicitly declared that this revocation of consent applied downstream to all subsequent third-party debt buyers, assignees, and collection agencies.
31. On **August 12, 2025**, Defendant MRS BPO, LLC initiated a text-blitzing collection campaign targeting Plaintiff's cellular telephone number, transmitting the first of a series of unauthorized automated text messages.
32. Between **August 12, 2025**, and **March 17, 2026**, Defendant transmitted a total of **twenty-one (21) text messages** to Plaintiff's cellular telephone attempting to collect the defaulted debt.
33. Every single one of the twenty-one (21) text messages was transmitted via an Automatic Telephone Dialing System (ATDS) without prior express consent, as consent had been completely revoked at the source.
34. Defendant failed to send a written validation notice containing mandatory statutory disclosures to Plaintiff's physical address within five (5) days of the initial text communication, in direct violation of **15 U.S.C. § 1692g(a)**.
35. On **March 23, 2026**, Plaintiff sent a formal Notice of Dispute via Certified Mail to Defendant, which Defendant physically received on **March 30, 2026, at 11:09 AM** .
36. On **August 20, 2026**, and **September 14, 2026**, Plaintiff served formal Notices of Intent to Sue upon Defendant, which arrived at Defendant's destination regional facility on **September 17, 2026, at 1:48 PM**. Defendant has refused to cure its violations.
37. The USPS Certified Mail green card tracking receipt demonstrates that Affirm Inc. successfully received Plaintiff's formal Revocation of Consent in October of **2023**, creating an absolute, permanent electronic and physical paper trail of delivery. **(see Exhibit A , attached hereto)**
38. Because Defendant **MRS BPO, LLC** was hired, retained, or assigned by Affirm Inc. to collect upon the exact same alleged consumer profile, all legal knowledge of Plaintiff's 2023 Revocation of Consent is **fully imputed onto Defendant MRS BPO, LLC as a matter of law** under established agency principles.
39. Despite having near two (2) years of continuous, imputed knowledge of Plaintiff's explicit revocation of consent, Defendant MRS BPO, LLC completely failed to screen, scrub, or remove Plaintiff's cellular telephone number from its active outbound broadcasting systems.
40. Instead, beginning on **August 12, 2025**, and relentlessly compounding through **March 17, 2026**, Defendant MRS BPO, LLC bypassed Plaintiff's revocation and launched a systematic, machine-driven barrage of twenty-one (21) unauthorized text messages to Plaintiff's cellular phone, causing severe nuisance, data disruption, and continuous harassment. **(See Exhibit B, MRS Text list)**

41. This case involves a presumed and assumed consumer debt, where no debt or default exists and the alleged consumer debt Defendant is attempting to collect from Plaintiff did not arise out of a transaction that created the alleged debt, as this case involves an alleged obligation of a consumer to pay money arising out of a **consumer credit transaction** of which the services that is the subject of the transaction was primarily for personal, family, and/or household purposes as defined by the **FDCPA §1692a(5),** and Defendant MRS is not a creditor, does not extend credit or provide services that benefit consumers.

42. Defendants MRS is a "debt collector" as defined by **15 U.S.C. §1692a(6),** who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of voluntarily placing calls or text messages to consumer's cellular phones in an attempt to collect alleged debts, as a means to instill fear and coerce payment of a non-existent debt.

43. At all times relevant, Defendant MRS BPO, LLC acted as a "collection agency" as explicitly defined under **Ark. Code Ann. § 17-24-101**, and was legally bound to comply with the fair debt practices mandated by the state of Arkansas.

44. Defendant violated the **Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 et seq.**, by engaging in deceptive, misleading, and harassing collection behavior. Specifically, Defendant violated: **Ark. Code Ann. § 17-24-505:** By repeatedly and continuously engaging in automated text transmissions designed to annoy, abuse, and harass a Plaintiff on her cellular telephone.

45. Defendant violated **Ark. Code Ann. § 17-24-506:** By utilizing false, deceptive, and misleading representations in an attempt to collect an unverified, disputed balance after explicit revocation of consent.

46. Plaintiff further alleges that Defendant's conduct constitutes a separate and independent violation of the **Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-107**. By deploying an unscrubbed automated text-platform to continuously broadcast collection duns across multiple months, Defendant engaged in unconscionable, false, and deceptive business practices in open violation of Arkansas consumer protection laws.

47. As a direct and proximate result of Defendant's state law violations, Plaintiff has suffered concrete statutory damages, severe invasion of privacy, emotional distress, and disruptions to her employment and daily life.

48. Plaintiff meets Article III of the United States Constitution as she has suffered an injury in fact, as each unauthorized text message occurred during Plaintiffs work hours. Resulting in an "invasions of privacy, intrusion upon seclusion, and nuisance, which have long been heard by American courts."Therefore, Plaintiff injury satisfies the concreteness requirement for constitutional standing.

49. MRS sent 21 text unauthorized messages to Plaintiffs private cellular phone number from the following phone numbers, **833-547-0543, 832-299-2326, 856-463-1034, and 888-200-9272,** which are the telephone numbers used by MRS in their debt collection business. Each text message was willful, voluntary, separate and a distinct violation of the **TCPA 47 U.S.C. §227 *et seq.*(See attached Text list, EXHIBIT A)**

50. The text messages MRS sent to Plaintiff's cellular phone were not for an emergency purpose and were made without the written, express or implied consent of Plaintiff.

51. Plaintiff has no established business relationship with MRS in any capacity and the TCPA statute, being a penal statute prohibits sending text messages using an automatic telephone dialing system (ATDS) capable equipment to a cellular phone without the prior consent of the called or receiving party.

52. On or about March 23, 2026 Plaintiff sent MRS a Notice of Dispute and request for validation of debt, via certified mail, which MRS received on **March 30, 2026.** Plaintiff received no response to her dispute notice from MRS, only silence. **(See attached written communications, EXHIBIT B)**

53. On or about **September 14, 2026** Plaintiff sent MRS a Notice of Intent To Sue via certified mail giving MRS the opportunity to mitigate and resolve the unauthorized multiple text messages, which arrived at USPS Facility at the South Jersey Distribution Center, and Plaintiff has not received a response to date. **(See attached communication, EXHIBIT C)**

54. On or about **August 20, 2026** Plaintiff sent MRS a follow up Notice of Intent To Sue, as a good faith attempt to mitigate and resolve the dispute prior to filing this complaint, via certified mail, which arrived at USPS Facility at the South Jersey Distribution Center on **August 22, 2026** according to US postal service. However, to date, MRS has failed to respond, leaving Plaintiff no choice but to file suit and involve the Court for resolution of this serious matter, **(See EXHIBIT D, Plaintiffs Final Notice of Intent to Sue MRS, and Attached Revocation of Consent to Original Creditor, Affirm, Inc.)**

55. Upon information and belief the text messages MRS placed to Plaintiff's cell phone were made by ATDS capable equipment, which repeatedly invaded her privacy, and this intrusion violated her civil rights, federal law and caused Plaintiff humiliation and financial loss.

56. Defendant MRS has demonstrated willful and knowing non-compliance with **47 U.S.C. §227(b)(1)(A)** as Plaintiff received approximately twenty one (21) text messages from MRS using ATDS capable equipment and each text message, without her written consent, and each text message is a separate and distinct violation of the **TCPA 47 U.S.C. §227 *et seq*.**

57. Defendant MRS failed in its duties and legal obligations to comply with the TCPA and utilized different phone numbers to send multiple text message to Plaintiff which has caused her humiliation, oppression, and discouragement, because of the multiple annoying text messages. Defendant MRS actually acted voluntarily and with reckless disregard for Plaintiff's right to privacy and peace, and MRS deliberately and willfully sent multiple text messages over the course of one (1) year, in an attempt to collect an alleged debt.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONS ACT 47 U.S.C. §§ 227 et seq. AND THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC §1692et seq.

58. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
59. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
60. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).
61. Defendant MRS' TCPA violations are within the statute of limitations as defined by 28 U.S.C. §1658(a).
62. Defendant MRS BPO, LLC willfully and knowingly transmitted a total of twenty-one (21) text messages to Plaintiff's cellular telephone number attempting to collect a consumer debt after consent had been explicitly revoked at the source, Affirm Inc..

63. As a direct result of Defendant's repeated, unconsented automated text transmissions, Plaintiff suffered an invasion of privacy, concrete harassment, and an unauthorized intrusion upon her cellular phone.
64. Defendant's unauthorized text messages proximately caused Plaintiff a concrete, non-monetary injury, including the intermediate invasion of her seclusion, peace of mind, and the right to be left alone in her private affairs.
65. Each of the 21 unauthorized text transmissions disrupted Plaintiff's daily activities, occupied the electronic storage capacity of her cellular phone, depleted her phone's battery life, and wasted Plaintiff's time as she was forced to read, review, evaluate, and mitigate the unsolicited communications.
66. Defendant's ongoing, unconsented transmissions triggered audible and tactile alerts on Plaintiff's device, demanding her immediate attention during personal and professional hours, thereby constituting an offensive and highly objectionable nuisance.
67. Plaintiff **revoked any prior express consent** to be contacted by cellular phone, text message, or other electronic means directly with the original creditor, **Affirm Inc.**, via certified mail on **September 30, 2023**.
68. Upon receipt of Plaintiff's written revocation, **Affirm Inc.** was under a strict operational and statutory duty to update its internal records and to **communicate the absolute revocation of consent** to any downstream third-party debt collectors, repossession agents, or assignees, including Defendant **MRS BPO, LLC**.
69. To the extent that **Affirm Inc.** failed or neglected to share, update, or transmit Plaintiff's revocation of consent to Defendant, such failure does not absolve Defendant of statutory liability under the **TCPA** or **FDCPA**.
70. Defendant's transmission of **21 text messages** after consent was unequivocally revoked constitutes a **willful and knowing violation** of the **TCPA**, as Defendant operated with a reckless disregard for consumer privacy by utilizing automated dialing systems without verifying the active consent status of the recipient.
71. Furthermore, Defendant's failure to respond to Plaintiff's certified dispute, coupled with its

72. active evasion of Plaintiff's certified **Notices of Intent to Sue** (which remain unclaimed at Defendant's location), demonstrates a **willful, bad-faith pattern of conduct** designed to evade statutory compliance and continue unlawful collection activities.

73. Because Defendant operated an unregistered broadcasting device and acted with full knowledge that consent had been revoked downstream, Plaintiff is entitled to treble statutory damages in the maximum amount of **$1,500.00 per text message**, for a total of **$31,500.00** pursuant to **47 U.S.C. § 227(b)(3)** .

COUNT II
VIOLATIONS OF **THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC §1692et seq.**

74. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
75. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).
76. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).
77. Defendant's violations include but are not limited to the following;The Fair Debt Collection Practices Act **15 USC. §1692,** is intended to be a safeguard to Affiant as a consumer and Plaintiff's rights have been violated by Defendant MRS.

78. Defendant MRS has failed to comply with the requirements of the Fair Debt Collection Practices Act, **15 U.S.Code § 1692** et seq. causing injury, damages, mental anguish, and financial losses, negatively affecting Plaintiff.
79. Defendant MRS failed to comply with **15 U.S.Code § 1692c (a)** which specifically states, Communication with the consumer generally**,** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt. And Defendant chose to communicate with Plaintiff via multiple text messages by use of  ADTS telephone equipment without Plaintiffs concent.
80. Defendant violated **§15 USC 1692d,** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, by repeatedly sending multiple text messages to Plaintiff's cellular phone over the course of one year, in an attempt to collect a debt.
81. Defendant's text message transmissions constituted an initial "communication" in connection with the collection of a debt under **15 U.S.C. § 1692a(2)**.
82. Defendant failed to send Plaintiff a written validation notice containing the mandatory statutory disclosures within five (5) days of that initial communication, in direct violation of **15 U.S.C. § 1692g(a)** [INDEX].
83. Defendant further violated **15 U.S.C. § 1692g(b)** by failing to provide a verified chain of title or an itemized accounting ledger after physically receiving Plaintiff's timely written dispute on March 30, 2026..

84. Defendant violated **§1692e (10)** by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about the consumer Plaintiff, causing Plaintiff undue stress and humiliation.

85. Defendant violated **§1692f** by using unfair or unconscionable means to collect or attempt to collect the alleged debt, and Defendant used unconscionable means to collect an alleged debt, by willfully sending her multiple text messages to instill fear in Plaintiff and coerce payment of a debt.

86. Defendant violated **§1692 g(a)(3)** by failing to send Plaintiff an initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; Defendant's was negligent and failed to send Plaintiff the required written notice, that Plaintiff had a right to dispute the debt within 30 days of receipt of said notice, and to date, Plaintiff has not received the same.

87. Pursuant to **15 USC §1692k – Civil liability (a) AMOUNT OF DAMAGES -** Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of, **(1)** any actual damage sustained by such person as a result of such failure.

**88.** MRS' violations of the TCPA were negligent, willful, knowing, and non-compliant with **47 U.S.C. §227(b)(1)(A)** by using ATDS capable equipment to repeatedly send multiple text messages to Plaintiffs cell phone number, **(870-919-6768)** which is used strictly for work, private associates, and emergency purposes only, and is assigned to a cellular telephone service.

**89.** From **August 12, 2025** through **March 17, 2026 MRS** violated **15 USC §1692d (5)** which specifically states, a debt collector may not Cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Therefore, MRS did in fact violate 15 USC **§1692 d(5)** of the FDCPA, by causing Plaintiff to respond to a buzzing sound each time a text message is received on plaintiffs cell phone, and Plaintiff having to read multiple unwanted text messages from MRS, which were in fact, intentional to annoy, harass and abuse the Plaintiff to the point of humiliation, frustration, oppression, and financial loss. **(See EXHIBIT A, Text list attached hereto)**

90. Each unauthorized text message placed by MRS is a separate and distinct violation of the **TCPA 47 U.S.C. §227 *et seq*.** With respect to the activities of MRS, Plaintiff had a subjective expectation of privacy and peaceful rest that was objectively reasonable under the circumstances and the consequences of MRS' conduct did in fact harass, oppress and abuse Plaintiff to the point of frustration and financial loss.

91. Defendant MRS' aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.

92. Pursuant to **15 USC §1692k – Civil liability (a) AMOUNT OF DAMAGES -** Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of - **(1)** any actual damage sustained by such person as a result of such failure.

**WHEREFORE,** Plaintiff demands compensation from Defendant for its violations and abusive debt collection actions stated herein, in the amount of $1,000 for its violations of the

FDCPA, pursuant to **15 USC §1692k,** plus actual damages sustained by plaintiff as a result of Defendant's illegal and unlawful actions. Plaintiff prays for judgment against Defendant, for actual and statutory damages for Defendants violations of the **FDCPA,** treble damages for Defendants violations of the **TCPA**, any punitive damages, costs incurred and any attorney's fees if applicable.

**COUNT II**
**(COMMON LAW INVASION OF PRIVACY BY INTRUSION)**

93. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
94. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.
95. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages to be determined by this honorable court.

**WHEREFORE,** Plaintiff respectfully requests this court that judgment be entered against Defendant, on all counts complained of herein, to the fullest extent of the law.

**PRAYER FOR RELIEF**

96. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
97. Each call placed by MRS is a separate and distinct violation of the TCPA 47 U.S.C. §227 *et seq.*,
98. Plaintiff respectfully prays that this court will enter judgment as follows;

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000, for each violation of 15 USC 1692 et seq. against Defendant for its violations of the FDCPA,
2. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first text message and $1500 for each additional text message thereafter made to her private emergency cell phone as negligent, knowing and willful violations of the TCPA;
3. Awarding Plaintiff costs and fees incurred in the filing of this action;
4. Award such further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted: Dated this 16 day of September, 2026

By, [signature]
Angela Williams
P O BOX 8
Berryville, AR 72616
890-919-6768
AW-check66@proton.me
*Plaintiff in proper person*

**VERIFICATION**

The undersigned is over the age of 18 and competent to certify that the above statements are true, correct, complete and not misleading, to the best of her knowledge, except those statements that are based upon information and belief. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted: Dated this 16 day of September, 2026

By, [signature]
Angela Williams
P O BOX 8
Berryville, AR 72616
870-919-6768
AW-check66@proton.me
*Plaintiff in proper person*

# EXHIBIT A

# MRS BPO, LLC – List of unauthorized text messages

## 2025

1. August 12, 2025, 6:42 pm, Text message, 833-547-0543
2. August 16, 2025, 6:40 pm, text message, 832-299-2326
3. March 10, 2025, 10:25 am, text message, 856-463-1034

## 2026

4. February 1, 2026, 5:13 pm, text message, no phone number
5. February 2, 2026, 7:15 pm, text message, 888-200-9272
6. February 9, 2026, 2:26 pm, text message, 888-200-9272
7. February 10, 2026, 9:48 am, text message, 888-200-9272
8. February 11, 2026, 12:26 pm, text message, 888-200-9272
9. February 12, 2026, 8:59 pm, text message, no phone number
10. February 14, 2026, 2:42 pm, text message, 888-200-9272
11. February 18, 2026, 2:00 pm, text message, 888-200-9272
12. February 20, 2026, 3:38 pm, text message, 888-200-9272
13. February 24, 2026, 10:01 am, text message, 856-463-1034
14. February 25, 2026, 3:44 pm, text message, 888-200-9272
15. February 27, 2026, 3:42 pm, text message, 888-200-9272
16. March 5, 2026, 12:44 pm, text message, 888-200-9272
17. March 6, 2026, 6:12 pm, text message, 888-200-9272
18. March 10, 2026, 4:53 pm, text message, no phone number
19. March 10, 2026, 6:09 pm, text message, no phone number
20. March 13, 2026, 11:15 am, text message, 888-200-9272
21. March 17, 2026, 9:44 am, text message, 888-200-9272

# EXHIBIT B

**Certified mail 9589 0710 5270 2278 4714 35**

Angela Williams
P O BOX 8
Berryville, AR 72616

March 23, 2026

MRS BPO, LLC
1930 Olney Ave.
Cherry Hill, NJ 08003-2016

**RE: Unauthorized Texts Messages**

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IOS NOTICE TO AGENT**

To Whom It May Concern:

I am writing regarding multiple text message I have received from your company to my phone number **(870-919-6768)**. These unauthorized text messages are a violation of the TCPA 47 USC §227, as I never gave you my consent. For this reason, I require the following information;

1. I dispute the alleged debt you claim I owe.
2. State the amount of the alleged debt, including an itemization of principal, interest, fees, and any other charges.
3. Provide the date of default or charge-off and the date of last payment, if any.
4. Provide documentation bearing my name and signature that you believe creates any obligation to pay MRS BPO, LLC this debt.
5. Provide your company's relevant license to collect debts in the state of Arkansas.
6. Provide your proof of agency relationship with ASRRIRM, Inc., and whether you purchased, were assigned or transferred the alleged debt/account.

Until you provide full written validation, you must cease all collection activities regarding this alleged debt, including reporting to any consumer reporting agency. You are instructed to stop all such automated calls and texts to my number **(870-919-6768)** immediately, as you DO NOT have my consent to contact me.

I require a timely response from you, including the information and documentation I have requested.

Notice is complete upon receipt.

Sincerely,
Angela Williams

# 6USPS Tracking·

Tracking FAQs

Track Packages
Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages
Learn More

**Remove**
**Tracking Number:**
**9589071052702278471435**
**Copy Add to Informed Delivery**
**Latest Update**
Your item has been delivered and is available at a PO Box at 11:09 am on March 30, 2026 in CHERRY HILL, NJ 08034.

**Get More Out of USPS Tracking:**
**USPS Tracking Plus®**
**Delivered**
**Delivered, PO Box**
CHERRY HILL, NJ 08034
March 30, 2026 11:09 AM
**See All Tracking History**
**What Do USPS Tracking Statuses Mean?**

# EXHIBIT C

**Certified mail 9589 0710 5270 0755 3586 68**

Angela Williams
P O BOX 8
Berryville, AR 72616

September 14, 2026

Compliance Department / Legal Division
MRS BPO, LLC
1930 Olney Ave
Cherry Hill, NJ 08003

## RE: NOTICE OF FOLLOW-UP & PRE-SUIT MITIGATION DIRECTIVE

**RE:** Follow-Up to Notice of Intent to Sue / Formal Notice of Revocation of Consent (TCPA & FDCPA Violations)
**Target Consumer:** Angela Williams
**Original Certified Mail Tracking (Delayed): 9589 0710 5270 0363 2211 49**
**New Certified Mail Tracking:** [Insert New Tracking # Here]

**To Whom It May Concern:**

This correspondence serves as a formal follow-up to the initial **Notice of Intent to Sue** originally transmitted to your office via United States Certified Mail on **August 20, 2026**. According to United States Postal Service tracking data, that initial packet arrived at the South Jersey Distribution Center on August 22, 2026, and remains unexpectedly delayed in transit.

Out of an abundance of caution, a strict adherence to civil protocol, and a good-faith desire to mitigate damages prior to initiating federal litigation, a complete and exact copy of that **August 20, 2026 Notice is attached hereto.**. As stated therein, your firm was afforded an **eleven (11) day window** from receipt to resolve these statutory violations amicably.

Furthermore, to ensure your compliance department understands the severity of your liability under the **Telephone Consumer Protection Act (TCPA)**, I have attached the original **Revocation of Consent transmitted to Affirm, Inc. as Exhibit B**.

MRS BPO, LLC has been in severe, ongoing violation of the TCPA by executing unauthorized text message broadcasts to my cellular telephone after consent was legally and permanently revoked with the original creditor. This packet provides your firm with total, undeniable clarity regarding the entire evidentiary picture. The clock for your final eleven (11) day window to respond, settle, or decline begins immediately upon the verified delivery scan of *this* follow-up package.

You may contact me to resolve this matter amicably at AW-check66@proton.me. If I do not hear from you by the close of the business day on September 25, 2026, you will be sued in the US District Court Western District of Arkansas.

Governed strictly by the four corners of the impending complaint, I remain,

Sincerely,

**Angela Williams**
*Pro Se Litigant*

**Attachments: My certified Notice sent to MRS BPO on August 20, 2026, and USPS Tracking for certified mail.**

# USPS Tracking®

Tracking FAQs

Track Packages
Anytime, Anywhere
Get the free Informed Delivery® feature to receive automated notifications on your packages
Learn More

**Remove**
**Tracking Number:**
**9589071052700755358668**
**Copy Add to Informed Delivery**
**Latest Update**
Your item arrived at our SOUTH JERSEY NJ DISTRIBUTION CENTER destination facility on September 17, 2026 at 1:48 pm. The item is currently in transit to the destination.

---

**Get More Out of USPS Tracking:**
**USPS Tracking Plus®**
**On the Way**
**Arrived at USPS Facility**
SOUTH JERSEY NJ DISTRIBUTION CENTER
September 17, 2026 1:48 PM
**Arrived at USPS Facility**
OKLAHOMA CITY OK DISTRIBUTION CENTER
September 15, 2026 8:35 PM
**See All Tracking History**
**What Do USPS Tracking Statuses Mean?**

# EXHIBIT D

**Certified mail 9589 0710 5270 0363 2211 49**

Angela Williams
P O BOX 8
Berryville, AR 72616

August 20, 2026

Compliance Department / Legal Division
MRS BPO, LLC
1930 Olney Ave
Cherry Hill, NJ 08003

**RE: NOTICE OF INTENT TO FILE FEDERAL LAWSUIT**

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IOS NOTICE TO AGENT**

Dear Legal Compliance Officer,

Please accept this correspondence as formal, mandatory notice that I am fully prepared to file a Federal Civil Complaint in the United States District Court for the Western District of Arkansas against MRS BPO, LLC. This action arises from your firm's repeated, egregious, and willful violations of the **Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227**, and the **Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.** As you have failed to respond to my dispute and request for validation dated March 23, 2026, which you received on March 20, 2026. **(See attached Dispute letter & USPS Tracking proof of receipt)**

To avoid the substantial expenditure of time, corporate resources, and federal litigation expenses, this notice provides your firm with a final **10-day window** to resolve these actionable claims before the formal suit is initiated.

**I. STATEMENT OF FACTS AND ACTIONABLE VIOLATIONS**

1. **Explicit Revocation of Consent & Written Directive:** On **March 23, 2026**, Angela formally disputed the alleged Affirm, Inc. debt with MRS BPO, LLC via written correspondence. In that timely dispute, Angela explicitly **revoked any and all prior consent** to be contacted via telephone or electronic text messaging. She provided an absolute directive requiring that all future communications regarding this matter be made strictly in writing via the United States Mail. **(See attached Notice of Revocation of consent to Affirm Inc.)**

2. **Statutory Validation Freeze Violation (FDCPA § 1692g(b)):** Following the receipt of Angela's timely validation request, MRS BPO, LLC chose to remain completely silent. Your firm failed to provide a verified chain of title or competent verification of the alleged debt. Under **15 U.S.C. §**

**Certified mail 9589 0710 5270 0363 2211 49**

**1692g(b)**, a debt collector must cease all collection activities until verification is mailed to the consumer. Your total silence operates as an admission that the debt is unverified.

3. **19 Unauthorized TCPA Violations (47 U.S.C. § 227):** Despite the explicit revocation of consent and during an active statutory validation freeze, MRS BPO, LLC systematically transmitted **nineteen (19) unauthorized, automated debt collection text messages** to Angela's personal cellular phone. Each of these 19 text messages was transmitted after March 23, 2026, using an automated telephone dialing system (ATDS) without prior express consent.
4.

**II. STATUTORY DAMAGES AND LIABILITY SQUEEZE**

- **TCPA Statutory Damages (47 U.S.C. § 227(b)(3)):** The TCPA provides a private right of action allowing for statutory damages of **$500.00 per unauthorized automated message**. Where violations are committed willfully or knowingly after explicit revocation, the court has the discretion to treble the damages up to **$1,500.00 per violation.**
  - *19 Violations × $500.00 = **$9,500.00** (Base Statutory Damages)*
  - *19 Violations × $1,500.00 = **$28,500.00** (Willful Treble Damages)*
- **FDCPA Statutory Damages (15 U.S.C. § 1692k):** Your firm faces up to an additional **$1,000.00** in statutory damages for continuing collection communications during a validation and billing error 6freeze.

**III. MANDATORY SETTLEMENT CONDITION**

I am prepared to completely withhold the filing of the drafted Federal Civil Complaint and sign a mutual NDA release under one strict condition: **MRS BPO, LLC must immediately cease all collection activities, completely close this file, delete any associated credit reporting entries, and offer settlement to resolve the out-of-court statutory claims.**

If a signed settlement agreement and written confirmation of closure is not received by 5:00 PM Central Time on **August 31, 2026,** this final courtesy window will immediately close. I will proceed with filing the Federal Complaint in the Western District of Arkansas on September 1, 2026, seeking full treble damages, actual damages, and all available court costs.

Please ensure this file is routed to your general counsel or senior compliance officer immediately. Should you decide to resolve this matter, you may contact me via email for settlement purposes only at; **AW-check66@proton.me**

Notice is effective upon receipt. Govern yourselves accordingly.

Regards,
Angela Williams

**ATTACHMENTS: Notice of Revocation of consent to Affirm Inc., and Notice of dispute.**

# USPS Tracking®

Tracking FAQs

Track Packages
Anytime, Anywhere
Get the free Informed Delivery® feature to receive automated notifications on your packages
Learn More

**Remove**
**Tracking Number:**
**9589071052700363221149**
**Copy Add to Informed Delivery**
**Latest Update**
Your item arrived at our SOUTH JERSEY NJ DISTRIBUTION CENTER destination facility on August 22, 2026 at 11:46 am. The item is currently in transit to the destination.

**Get More Out of USPS Tracking:**
**USPS Tracking Plus®**
**On the Way**
**Arrived at USPS Facility**
SOUTH JERSEY NJ DISTRIBUTION CENTER
August 22, 2026 11:46 AM
**Arrived at USPS Facility**
OKLAHOMA CITY OK DISTRIBUTION CENTER
August 20, 2026 6:57 PM
**See All Tracking History**
**What Do USPS Tracking Statuses Mean?**

Case 3:26-cv-03052-DCF Document 2-1 Filed 10/01/26 Page 13 of 14 PageID #: 26

**Certified mail 7022 0410 0002 2541 5423**

Angela Williams
P O BOX 8
Berryville, AR 72616

September 30, 2023

AFFIRM Inc.
650 California St., FL 12
San Francisco, CA 94108

**RE: AFFIRM Account # G71**

Dear affirm, Inc.,

I am writing to advise your organization that I revoke my consent to be contacted by phone, text message, voicemail, and/or email. You may only contact me in writing by USPS mail only. Please note for your records that this notice of revocation of consent also applies to any third party debt buyer and debt collector who may attempt to collect a debt related to the AFFIRM, inc. account #G71.

Thank you for your cooperation. Notice of revocation is effective upon receipt.

Sincerely,
Angela Williams

7022 0410 0002 2541 5423

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

San Francisco, CA 94108

**OFFICIAL USE**

| | | |
|---|---|---|
| Certified Mail Fee | $4.85 | 0216 |
| $ | $4.10 | 02 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $ $0.73 | 09/30/2024 |
| Total Postage and Fees | $ $9.68 | |

Sent To: AFFIRM INC.
Street and Apt. No., or PO Box No.: 650 CALIFORNIA ST FL 12
City, State, ZIP+4®: SAN FRANCISCO, CA

PS Form 3800, April 2015 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AFFIRM INC
650 CALIFORNIA ST. FL 12
SAN FRANCISCO, CA
94108

9590 9402 7891 2234 3231 61

2. Article Number (Transfer from service label)

7022 0410 0002 2541 5423

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt